Martin Burton, Appellant, v. Jed Harris et al., Appellees. United Booking Office, Inc., and Lake City Theatre Operating Company, Appellees.

Gen. No. 40,241.

Opinion filed December 21, 1938.

WILLARD C. WALTERS and THOMAS H. FISHER, both of Chicago, for appellant.

BERNSTEIN, ZOLLA & BERNSTEIN, of Chicago, for appellee J. H. D. H., Inc. and certain appellees.

BELL, BOYD & MARSHALL, of Chicago, for certain other appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

December 3, 1937, plaintiff brought an action against Jed Harris and J. H. D. H., Inc., a corporation, to recover damages claimed to have been sustained by reason of defendants' breach of a contract. Plaintiff alleged that he had suffered damages of $15,000. "United Booking Office, Inc., individually and as Booking Agent for the Grand Opera House, Chicago," was named as garnishee and the "Supplemental Statement of Claim" alleged that the amount claimed from the garnishee was limited to $1,000, and on December 3, the court fixed the attachment bond at $2,000. On the same day there appears in the record "Amended Statement of Claim" in which it is alleged "The plaintiff claims as follows: 1. As set forth in plaintiff's original statement of claim." On the back of this it is averred that the two defendants are residents of New York City. A "Writ of Attachment and Garnishee Summons" was issued December 3, and the bailiff's return recites that he has been unable to find any property on

which to levy the writ and ''by order of Plaintiff's Attorney I have served this writ on the within named Lake City Theatre Operating Company'' etc., by delivering a copy of the papers together with interrogatories to Sam Gerson, agent of the Lake City Theatre Operating Company. The return is dated December 3. There also appears in the record another writ of attachment and garnishee summons dated December 3, in which ''United Booking Office, Incorporated individually and as booking agent of and for Grand Opera House Chicago'' is named as garnishee; and on the same day two sets of Interrogatories were filed by plaintiff, in one of which the Lake City Operating Company, etc., is named as garnishee and the other, the United Booking Office and Lake City Theatre Operating Company, etc. On the same day plaintiff filed his attachment bond; on December 4, each of the garnishees filed separate answers to the interrogatories answering ''no funds'' in their possession belonging to defendants.

December 7 there appears in the record a summons in which Joseph Glick, Lake City Operating Company and United Booking Office, Inc., are named as additional defendants to the suit. This was done by leave of court, and on the same day, plaintiff filed an amended praecipe and ''Supplemental Statement of Claim'' in which the amount claimed is $15,000, and counsel for both sides say in substance that this supplemental statement of claim alleges an action in tort.

On the same day a summons issued against the three additional defendants and the bailiff's return shows that December 8 he served the three additional defendants, Lake City Operating Company and United Booking Office by delivering a copy of the papers to Sam Gerson, agent, and that he served defendant Glick personally.

December 20, each of the five defendants, the two original and three additional defendants, filed a special and limited appearance questioning the jurisdiction of the court and moved to quash the service of summons. The three additional defendants, Glick, Lake City Theatre Operating Company and United Booking Office, Inc., asked that the cause be dismissed as to each of them. December 20, an order was entered which recites, among other things, that plaintiff contests the answer of the two garnishees, Lake City Theatre Operating Company and United Booking Office, Inc.

February 23, on motion of plaintiff an order was entered that "the Garnishee, United Booking Office, Inc., a corp., be discharged as to all garnishments." February 25, an order was entered on motion of defendant "United Booking Office, Inc., . . . to quash summons dated December 7th, 1937, and the Court being fully advised in the premises, sustains said motion."

February 28 an order was entered which recites that on motion of defendant, J. H. D. H. Inc., "to quash attachment writs as to Lake City Theatre Operating Co., as garnishee, and the Court being fully advised in the premises, sustains said motion." The order continues that plaintiff moves to compel defendant, Lake City Theatre Operating Co., to file a general appearance, but the motion was overruled. The order then recites that defendant, Lake City Theatre Operating Company moves to dismiss the cause stated in paragraph 2 of the Statement of Claim filed December 7, for want of jurisdiction over the subject matter, which motion was sustained.

March 17 plaintiff filed a notice of appeal in which he states he appeals from "that part of the judgment entered . . . on the 25th day of February, . . . which sustained the motion of the defendant, United Booking Office, Inc.," etc., to quash the summons dated De-

cember 7, and from that part of the judgment entered February 28, which sustained the motion of defendant, J. H. D. H. Inc., to quash the attachment writ as to the Lake City Theatre Operating Company, garnishee. The notice of appeal continues and prays that the judgments mentioned in the Notice of Appeal be reversed so that the United Booking Office, etc., be required to file a general appearance or be defaulted and so that the Lake City Theatre Operating Company be made a defendant garnishee and required to file a general appearance "as such garnishee-defendant."

While we have not referred to all that appears from the record, we think it sufficient to show, as stated by counsel for defendants, that "the case clearly shows a very complicated and confused piece of litigation," and we regret to say that counsel for defendants have not clarified the matter very much, but on the contrary, on the cover of their brief listed the names of the parties upside down, a practice that has been abandoned for more than 30 years in this State. (See old Practice Act, sec. 99, ch. 110, Hurd's Rev. Stats. 1908; sec. 21 Civil Practice Act, Ill. Rev. Stat. 1937, p. 2386 [Jones Ill. Stats. Ann. 104.021].)

As we understand the briefs, the point made by defendants, that the amended and supplemental statement of claim filed by plaintiff on December 7, in which $15,000 is claimed, alleges a claim based upon a tort, and that the municipal court has no jurisdiction in such a case, where the amount claimed is more than $1,000. And this seems to be conceded in plaintiff's reply brief; therefore the court properly struck the 2nd paragraph of the supplemental statement.

The principal point, however, made by plaintiff, as stated by counsel, is "Can a garnishee defendant in an attachment suit, in which it has filed a sworn answer by a corporate officer or duly authorized agent to interrogatories and appeared by counsel in support of

such answer, thereafter contest jurisdiction of the court over its person on the ground that summons upon it as a principal defendant was upon a person not its agent?'' The argument is that since the two garnishees entered their respective unlimited appearance when they answered the interrogatories, they cannot urge that the court did not obtain jurisdiction of them when they were made additional parties to the suit because no proper service was had upon them,—the person who was served, not being the agent of either of the parties. We are unable to agree with this contention. It is true that the two garnishees filed answers to the interrogatories and did not limit their appearance in the technical sense but at that time they were not defendants to the main suit. The only question as to them was whether either of them had in its possession any property or effects of defendants. Afterward plaintiff by leave of court, added them and another as additional defendants to the main suit and took out a summons and had the bailiff attempt to serve them. In these circumstances he ought not now be permitted to attempt to stultify himself and say that no summons was necessary to make them a party defendant to the main suit. Moreover, we are clear that the two garnishees would have to be summoned in the regular way before they could be made defendants to the main suit. They did not enter their appearance as defendants to the main cause of action when they answered the interrogatories.

The orders of the municipal court of Chicago appealed from are affirmed.

*Orders affirmed.*

McSurely, P. J., and Matchett, J., concur.