**Lorraine Smith, Plaintiff-Appellant, v. Albert Dunaway and Hattie Dunaway, Defendants-Appellees.**

**Gen. No. 66–52.**

Fifth District.

November 18, 1966.

Rehearing denied and opinion modified December 5, 1966.

Durr & Durr, of Edwardsville, for appellant.

No brief filed for appellees.

EBERSPACHER, J.

On April 8, 1964, a complaint was filed in the circuit court, complaining of the breach by defendant-appellees of a contract or bond for deed, attached to said complaint, praying for $4,800 actual damages, $10,000 punitive damages, plus costs of suit and reasonable attorney fees of $5,000. Plaintiff-appellant demanded a jury trial and the case was assigned a law number, as distinguished from a magistrate's number. An answer was filed as was a reply to the answer, and interrogatories were filed and answered. Subsequent thereto, fire consumed the

house on the property involved and which was the subject of the bond for deed.

Supplemental interrogatories were then filed with proof of service, but these interrogatories were never answered. An order to compel answers to the interrogatories, requiring answers by March 1, 1965, was entered by a circuit judge. No response was made to this court order and defendants were held in default by order of another circuit judge.

On April 29, 1965, a jury trial presided over by a magistrate was held, in which the defendants did not appear. The jury returned a verdict for $4,800 actual damages, and $5,200 punitive damages. On the same day, the magistrate awarded plaintiff $3,000 attorney fees and entered judgment for plaintiff for $13,000 and costs.

After a citation to discover assets was served on both defendants, a hearing was scheduled before a circuit judge and the defendants at the time set for such hearing, November 29, 1965, filed their motion asserting that the judgment of April 29 was void because entered by magistrate. The court allowed the motion, set the judgment aside and ordered the matter reset for trial, from which judgment order, the appellant brings this appeal.

On the dates of the filing of the complaint, the trial, and the entry of the $13,000 judgment by the magistrate, there was in full force and effect "An Act to limit or define matters to be assigned to magistrates." Approved August 9, 1963, Ill Rev Stats 1963, c 37, section 621, which by its own provision (§ 9) provided that the Act was to become effective on January 1, 1964. Section 2 of that Act provided, in part:

> "Civil proceedings assignable to magistrates are as follows:

"(a) When the amount of money or damages or the value of personal property claimed does not exceed $5,000.00." [1]

Appellees have contended that the amount claimed in the ad damnum clause is determinative of the jurisdiction of the court where jurisdiction of the court is limited as to amount or value in controversy; and that where the court lacked jurisdiction to enter judgment, the same is subject to attack at any time and is completely void, citing ILP, Courts, § 214; Kieper v. American Coal & Supply Co., 187 Ill App 131; Barnard v. Rubin, 341 Ill App 251, 93 NE2d 159; Burton v. Harris, 298 Ill App 32, 18 NE2d 249, and Ras v. Allan Anthony Elec. Corp., 55 Ill App2d 176, 204 NE2d 797, each of which by general language support those propositions. However, it is quite obvious that ILP, Courts, section 214 dealt with the jurisdiction of County Courts as it was limited by chapter 37, section 177 of the Illinois Revised Statutes prior to 1963 and it is therein pointed out that chapter 37, section 177 was repealed in 1963. Likewise each of the cited cases involved the limited jurisdiction of a County Court under the old section 177, with the exception of the Burton case, in which there was a similar jurisdictional question concerning the Municipal Court of Chicago. Each of the cases with the exception of the Ras case were decided before the amendment of the Judicial Article, and the implementing legislation of 1963.

The Ras case (supra) in which the opinion was filed in January 1965, involved review of a judgment entered in a county court previous to the repeal of old section 177, and recited that, "a jurisdictional question can, however, be raised at any time, even on appeal, and the defendants

---

[1] By amendment effective August 9, 1965, section 2 was amended and the $5,000 figure was increased to $10,000.

did not waive the issue by not urging it in the trial court nor did they do so by their appearance and participation in the trial." (Citing cases.) Purely by way of dictum, that opinion stated that a comparable question might arise under the 1963 Act which defines matters assignable to magistrates, and that its language, in their opinion, closely resembled the language which had limited jurisdiction of county courts, which was old section 177. The opinion did however call attention, parenthetically, to section 8 of the 1963 Act.

 Section 8 of the 1963 Act, chapter 37, section 628, Ill Rev Stats 1963, provides:

> "All objections to the propriety of an assignment to a magistrate are waived unless made before the trial or hearing begins. No order or judgment is void or subject to collateral attack merely because rendered pursuant to improper assignment to a magistrate."

By virtue of that section, the provision placing a monetary limitation on a case assignable to a magistrate, may be waived by failure to make a timely objection. Here the ad damnum explicitly exceeded the statutory limitation of $5,000 and we note that the prayer was for punitive damages and attorney fees, as well as actual damages. Although punitive or exemplary damages may be recovered in a proper case, they are not a favorite in the law, and will be allowed with caution and confined within narrow limits. City of Chicago v. Shayne, 46 Ill App2d 33, 196 NE2d 521. While the expenses and attorney fees which a plaintiff has incurred may be considered in determining the amount of exemplary damages, Ritter v. Ritter, 381 Ill 549, 46 NE2d 41, we also note that here attorney fees were fixed by the court and included in

the judgment in addition to the exemplary and actual damages fixed by the jury.[2]

■ These defendants, although defaulted, and notified of such default, had a right to be heard on the matter of damages. Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348. By their default they did not admit that plaintiff was entitled to damages in the amount claimed; the defaulted defendants had the right to cross-examine plaintiff's witnesses and introduce any material evidence bearing on damages, take all proper measures to preserve questions in those respects for review, and request the giving of pertinent instructions. See Nichols Ill Civ Prac, § 4129. We are of the further opinion that a defaulting defendant, in a case in which the ad damnum exceeds the statutory monetary jurisdiction of a magistrate, is entitled to rely on the statutory direction that such case be heard by a judicial officer other than a magistrate. In Elfman v. Evanston Bus Co., supra, 27 Ill2d 609, at pages 614 and 615, 190 NE2d 348, at page 351, the court, after commenting on the precipitate manner in which damages were assessed, without an attempt to notify defendant, said:

> ". . . Although defaulted, where the action is in tort or for an unliquidated claim or amount, a defendant nonetheless has the right to be heard on the matter of damages. (Straus v. Biesen, 242 Ill App 370; Tierney v. Szumny, 257 Ill App 457; 23 ILP, Judgments, §§ 59, 60.) 'While it has been stated broadly that a litigant by his attorney must note the progress

---

[2] Since this appeal is from the order vacating the judgment, the record of proceedings in this case does not include the evidence with reference to the damages in the original suit, and we, therefore, make no determination with reference to the propriety of exemplary damages, attorney fees, nor the amount of either. As to these questions, see ILP, Damages, §§ 131, 132, 133.

of his case in court and is not entitled to notice except as prescribed by law, as, (sic) a general rule, except for compelling reasons, it is essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken.' (66 CJS, Notice, § 14, p 652.) Again, as was cogently said in Jansma Transport, Inc. v. Torino Baking Co., 27 Ill App2d 347, 354: 'Something more than the morals of a medieval market may reasonably be expected in the conduct of litigation.' Since defendant did have the right to be heard on the issue of damages, we think basic fairness would require that at least informal notice should have been given of the step plaintiff proposed to take."

██ In the present case the record fails to show that defendants had any notice as to when or where the case was to be heard or that it was to be heard before a magistrate. The record further fails to show that any order assigning the case to a magistrate was ever entered. Under such circumstances, defendants had no opportunity to object to the propriety of the assignment to a magistrate, and have not waived such objections. The judgment was not one that was "rendered pursuant to improper assignment to a magistrate," [3] but was one that was rendered by a magistrate without proper notice, and without assignment, and notice of assignment to a magistrate.

There was presented, by defendants' motion to set aside the judgment, a situation which addressed itself to the equitable powers of the court, and, in justice and fairness, defendants should be given the opportunity to appear and defend on the issue of damages in the proper forum.

We therefore affirm the judgment of the Circuit Court of Madison County, setting aside the judgment entered

---

[3] Ch 37, § 628, Ill Rev Stats 1963, supra.

on April 29, 1965, in the amount of $13,000 and costs, and remand the cause for further proceedings, not inconsistent with this opinion.

Affirmed and remanded.

GOLDENHERSH and MORAN, JJ., concur.