DANIEL GOCZESKI, Plaintiff-Appellee, *v.* THE HORIZON DEVELOPMENT CORPORATION *et al.*, Defendants-Appellants.

Second District    No. 81-86

Opinion filed November 24, 1981.

Stuart Smith, of Wexler, Siegel and Shaw, Ltd., of Chicago, for appellants.

Paul W. Casbarian, of Casbarian and Furlett, Ltd., of Schaumburg, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

This is an appeal from a default judgment for $23,580 awarded the plaintiff for breach of an employment contract.

Horizon Development Corporation (hereafter Horizon), through its president, James Joyce, made an offer of employment to the plaintiff, Daniel Goczeski, which Goczeski received orally on or about July 17, 1979, and which was later confirmed by letter. He commenced employment with Horizon on or about August 1, 1979 (the precise date he began work is not shown by the record before us). Horizon's letter specified that Goczeski would be paid a base salary of $30,000 per year, plus additional incentive pay based on the final construction costs of certain houses then under construction by Horizon. In addition, some travel expenses were to be allowed.

Goczeski was paid his agreed base salary up to February 1, 1980; however, Horizon got into financial difficulties and was not able to pay him his salary between February and June 1980. No appellee's brief has been filed, but according to the appellants' brief Goczeski was informed of these financial difficulties and continued to render services to Horizon thereafter. On June 10, 1980, Goczeski demanded his back pay. According to the defendants' brief this was paid to him. However, the complaint filed by Goczeski alleges that he was owed back pay from March 1, 1980, at the time he filed his complaint. Goczeski left Horizon's employment about June 10, 1980, and filed suit for back pay based on his base salary of $30,000 per year from March 1, 1980, plus incentive pay and certain consequential damages. The complaint also sought $50,000 exemplary damages. In a second count, Chestnut Grove Corporation was also named as a defendant, since it was alleged in the complaint that the plaintiff had rendered services to that corporation, allegedly also owned and controlled by Joyce. The letter offering employment was on the stationery of Horizon, and it is not alleged there was any specific contract between the plaintiff and Chestnut Grove Corporation. Upon being served with summons Joyce attempted to negotiate a settlement on behalf of Horizon but nothing definite was agreed upon between the parties. Joyce did not employ an attorney, and no answer as to the complaint was made on behalf of either Horizon or Chestnut Grove Corporation. There is a dispute as to the result of the negotiations. Horizon claims the matter was left open and there was no indication that it would be pursued to judgment. The plaintiff contends no promises were made by him or his attorney as to future action and that Horizon's settlement offer was definitely rejected. In any event, on September 10, 1980, the plaintiff

moved for default judgment on the basis of no answer having been filed by Horizon within the time allowed for answer. No notice of this motion was sent to Horizon or Chestnut Grove Corporation. Prove-up was on the same day. The prove-up was based solely on the plaintiff's testimony that he had not been paid for his incentive pay of $10,080 which he claimed was due him, in addition to a $5,000 pay raise that he had earned and had not received. He also claimed that he had lost two months' work before he found other employment and that he had incurred other expenses resulting from the defendants' breach of contract. The trial court awarded the plaintiff $23,580 as damages, comprised of $15,780 for actual damages and $7,800 for consequential damage. No claim was made at the prove-up for unpaid base pay, contrary to the allegations of the complaint.

Horizon and Chestnut Grove Corporation did not receive any notice of the motion for default judgment. On October 24, 1980, the plaintiff served Horizon with a citation to discover assets, pursuant to the judgment he had received. Horizon claims this was its first notice that a default judgment had been entered against it. Upon receiving the citation to discover assets, Horizon filed a section 72 petition, joined in by Chestnut Grove Corporation, to open the judgment, contending it did not receive prior notice of the motion for default judgment, that it was only notified that the judgment had been entered on October 24, more than 30 days later, by the citation to discover assets, that it had a meritorious defense to the claim and, moreover, that the plaintiff had misled Horizon by giving the impression that the dispute was still under negotiation and that no action would be taken to seek a judgment.

The trial court denied the section 72 petition on the ground that the defendants had not shown due diligence in the matter, since they had not made any answer nor employed an attorney to represent them or respond to the complaint until after the default judgment was entered and there was a citation to discover assets.

We think the trial court was correct in so holding. While default judgments are not favored in the law (*Schmidt v. Kiely* (1977), 51 Ill. App. 3d 122; *Jones v. Sullivan* (1976), 34 Ill. App. 3d 786), in *Jones*, the appellate court, after recognizing that general principle, affirmed a default judgment in the defendant's favor for failure of the plaintiffs to appear. In *Graf's Beverages of Illinois, Inc. v. Tauber* (1977), 50 Ill. App. 3d 1047, this court affirmed a default judgment against the defendant, who had not filed an answer or appearance. While recognizing that the trial court does not have unlimited discretion in granting default judgments, we affirmed judgment of default against the defendant because of his failure to show that he had been reasonably diligent in protecting his rights. The same result was reached in *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, where this court held that failure to notify the

defendant of the entry of a default judgment did not excuse the defendant from the result of such judgment, where it had utterly failed to show due diligence in protecting its rights by making an answer or appearance. See also *Westphall v. Trailers, Campers, Campgrounds, Inc.* (1979), 76 Ill. App. 3d 205, which reached the same result for the same reason.

■■■ While we are in accord with the trial court's entry of the default judgment, based on the cases cited, we think the trial court erred in assessing specific damages against the defendants without affording them an opportunity to contest the basis of such damage or the extent thereof. In *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, our supreme court held that a default judgment does not foreclose the defendant on the issue of damages where there had been no opportunity for the defendant to be heard on that issue. Citing *Elfman,* the appellate court in *Hall v. McMillian* (1972), 8 Ill. App. 3d 448, granted relief from a default judgment as to the issue of damages. (See also *Whitworth v. Morgan* (1977), 46 Ill. App. 3d 292.) In *National Bank v. First Wisconsin National Bank* (1977), 53 Ill. App. 3d 482, this court, in vacating a personal deficiency judgment against the defendant, quoted the language in *Straus v. Biesen* (1926), 242 Ill. App. 370, 374, referred to in the *Elfman* decision:

" 'The defendants were not in complete default. Their default admitted the cause of action, but not the amount of damages. Consequently, under the rule, they were entitled to notice of the assessment of damages so that they might participate in the proceedings.' " 53 Ill. App. 3d 482, 490.

In the case before us, no notice was given to the defendants as to the motion for default judgment, nor was there any attempt at execution on the judgment within 30 days. (*Ellman v. De Ruiter* (1952), 412 Ill. 285.) While they may be held to have been rightfully defaulted as to the issue of liability for failure to appear or answer, the cases cited indicate they had a right to be heard on the issue of damages where they had not been previously advised of the plaintiff's intention to move for a default judgment. In this case the damages were not liquidated and, indeed, in one particular were disputed in the defendants' section 72 petition as not having been due. Fundamental fairness requires that the defendants have an opportunity to contest the amount claimed.

The judgment of the circuit court of Du Page County is reversed as to the issue of damages only and the cause remanded to the trial court for a hearing on that question.

Affirmed in part; reversed in part and remanded with directions.

SEIDENFELD, P. J., and REINHARD, J., concur.