2019 IL App (2d) 190217-U
No. 2-19-0217
Order filed December 3, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| METROPOLITAN ALLIANCE OF POLICE, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2017-CH-345 |
| | ) | |
| CITY OF CRYSTAL LAKE, a Municipal | ) | |
| Corporation, | ) | Honorable |
| | ) | Michael Chmiel |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices McLaren and Hutchinson concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court dismissed the appeal as moot where the parties had settled the underlying dispute before the notice of appeal was filed.

¶ 2     Plaintiff, Metropolitan Alliance of Police (MAP), appeals the order of the trial court granting summary judgment in favor of defendant, the City of Crystal Lake (City).   MAP sought injunctive relief to enforce a request for information pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2016)), and the trial court found that MAP was the "wrong entity" or did not have "standing" to bring the claim.   We dismiss this appeal as moot.

¶ 3                                 I. BACKGROUND

¶ 4      On March 9, 2017, Richard Tracy, vice president of MAP, submitted a freedom of information request to the City.   The two-page document, written on MAP letterhead, was titled at the top of each page, "Freedom of Information Request on behalf of Crystal Lake Police MAP Chapter # 177" (Chapter 177).   Paragraphs one through three requested attorney billing records related to ongoing litigation regarding the City's termination and subsequent reinstatement of one of its police officers.   See *City of Crystal Lake v. Metropolitan Alliance of Police, Chapter 177*, 2018 IL App (2d) 170192-U.   Paragraphs four through six requested copies of the minutes from city council meetings where the litigation was discussed.   On March 27, 2017, Eric Helm, the City's FOIA officer, responded to the request in an e-mail sent to Richard Tracy.   The City complied with the request in part but denied the request as to paragraphs one through three, stating that the records were exempt from disclosure under sections 7(1)(l) and 7(1)(m) of the FOIA (5 ILCS 140/7(1)(l), (m) (West 2016)), which respectively pertain to closed meeting minutes of public bodies and communications between a public body and its attorney.

¶ 5      On May 1, 2017, MAP filed a complaint alleging that the City wrongfully denied its FOIA request by erroneously invoking exemptions.   MAP sought an injunction ordering the City to disclose the disputed records.

¶ 6      On June 12, 2017, the City responded by filing a motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619) (West 2016).   The City asserted that there was "no question" that the disputed documents were compiled by the City at the behest of its attorney in anticipation of litigation, and it attached the affidavit of Helm, wherein he averred to that fact.   According to the City, the requested documents were "plainly exempt under FOIA pursuant to the 7(1)(m) Compilation Exemption."   The trial court denied the motion to dismiss,

stating that the mere act of "gathering papers" was "ministerial" in nature, and that it did not believe that the legislature intended to exempt such materials under section 7(1)(m).

¶ 7    On November 29, 2017, the trial court denied the City's motion to reconsider the order denying its motion to dismiss.   It ordered the City to file its answer to the complaint within 21 days.   It ordered that all written discovery be completed by January 31, 2018, and that all discovery be completed by February 28, 2018.

¶ 8    On January 31, 2018, at approximately 4:15 p.m., the City presented MAP with several discovery requests, including a set of 16 interrogatories, a request for production of documents, and 20 requests to admit facts.   On February 20, 2018, MAP filed a motion to strike the City's discovery requests, alleging that the City had violated the court's discovery order by propounding written discovery late in the day on the final day of written discovery.   In its answer to the motion to strike, the City argued that it understood the court's previous order to mean that January 31 was the last day to issue discovery, not that it had to be fully completed by that date.   However, should the court disagree with the City's interpretation of the discovery order, the City requested an extension of the deadline "to provide MAP with sufficient time to respond."   The City argued that MAP would suffer no injury by a short extension because the "very documents in dispute have been attached as exhibits to the City of Crystal Lake's Request to Admit. [Citation.] *Thus, to the extent that MAP ever suffered an injury by the deprivation of these documents, that injury has ceased*." (Emphasis added.)   The City attached those same 136 pages of heavily redacted attorney billing records, which it purported to be all of the documents sought but denied in the FOIA request, as an exhibit to its response to the motion to strike.

¶ 9    On April 19, 2018, at the hearing on the motion to strike, both parties discussed the documents that the City produced.

"MR. GARZA [(MAP'S ATTORNEY)]: *We now have the documents.* We have—and so our position is the only issue now is addressing the fees and costs. For those reasons, we ask that the Court strike [the City's] untimely discovery request and, you know, proceed to a hearing on costs and fees.

\*\*\*

MR. PICKERELL [(THE CITY'S ATTORNEY)]: Mr. Garza just now represented in court that they now have the documents they were looking for. That's fine. Put 'em—have him sign a piece of paper and let us know and that way we can put that issue to bed and we can move on to resolve the remaining issues in this case.

\*\*\*

MR. GARZA: [addressing whether MAP would acknowledge that the City had produced the disputed documents] [M]aybe something by way of an affidavit of completion, you know, from—

MR. PICKERELL: I could absolutely supply the affidavit.

\*\*\*

I would be happy to write an affidavit saying that these are all the attorney bills you're looking for. To address your Court's concern about why is it redacted, those are privileged attorney/compliant [*sic*] communications, and so---

\*\*\*

MR. GARZA: I think if [Mr. Pickerell] is willing to provide an affidavit saying that this is complete—that the request from the FOIA is complete, and that the only thing that has been redacted are [*sic*] attorney/client strategy type of matters, I think—I think—

and I would certainly support a position for my client that says that it has been—the FOIA request has been completed.

\*\*\*

*Which leads us—which leads us to the point where we now have our remedy in this matter—*

THE COURT:     Okay." (Emphasis added.)

¶ 10    The City then recommended that they move forward to "summary judgment time" on the legal issue of whether the City properly invoked the exemption under section 7(1)(m) of the FOIA, implying that a ruling on the merits that it had prevailed would preempt any claim by MAP as to costs and fees.    The court suggested that it was a good time to refer the matter to mediation.    The City did not object but MAP's attorney stated:

"MR. GARZA:     We have our—we have, assuming they can provide the affidavit as a complete—to the completeness, we have our remedy.    I don't know what else we're going to discuss—

THE COURT:     Well, but every point I suppose in this case is being litigated, and including a potential sliver, respectfully.     I generally agree with Mr. Garza, but I appreciate Mr. Pickerell's point.    I can't fathom how one does not flow from the other. I think that's what the statute provides for, but, nevertheless, we stand to be educated.

\*\*\*

Maybe [the mediator] could help you address whatever that issue is, the legal issue, but then reasonableness as well [presumably referring to reasonableness of costs and fees to be awarded, if any].    I think it's—I think it would be time and resources well spent. And then if you can't reach an accord, let's have a prompt trial."

The court ordered the mediation and set the matter for status on June 7, 2018.

¶ 11    On May 22, 2018, the City's attorney sent an e-mail to MAP's attorney that read:

> "I have attached the affidavit and related documents affirming that the documents that the City previously provided are the complete set of documents that are responsive to items 1-3 of Crystal Lake Police MAP Chapter #177's FOIA request dated March 9, 2017. Please let me know if you have any questions."

In the affidavit, Helm averred that the documents that the City initially refused to release were subsequently delivered in connection with discovery.   The disputed documents were attached to the affidavit, and Helm further averred that the "documents attached hereto as Exhibit A are copies of all of the Requested Documents in the City's possession, subject to appropriate redactions."

¶ 12    The record is silent is to what issues were discussed at the court-ordered mediation. However, on May 29, 2018, the mediator reported that the parties "were unable to resolve their dispute through our services."

¶ 13    At the status hearing on June 7, 2018, the court granted both parties leave to file motions for summary judgment.   The City filed its motion for summary judgment that same day, arguing that (1) MAP did not have standing to bring the complaint because it was not the party that submitted the FOIA request, and (2) the "compilation" clause in section 7(1)(m) of the FOIA exempted the City from releasing the disputed documents.   On July 5, 2018, MAP filed its cross-motion for summary judgment, arguing that (1) it was entitled to the documents as a matter of law, and (2) the "law of the case" doctrine required that judgment be entered in favor of MAP.

¶ 14    On August 16, 2018, at a hearing on the cross-motions for summary judgment, the City argued that it was Chapter 177 that submitted the FOIA request, and that only Chapter 177, not MAP, could seek relief under the FOIA.   MAP responded by arguing that it was clear on the face

of the FOIA request that Richard Tracy submitted the complaint because it was his name on the document and that it was written on MAP letterhead. Moreover, the request asked that the City send its answer to Tracy at his MAP e-mail address, which it did. To the extent that it was not clear from the request that MAP was the original requestor, MAP argued that any ambiguity was resolved by Tracy's affidavit, where he averred that he submitted the request in his capacity as an officer of MAP.

¶ 15 On October 15, 2018, the trial court entered its written order granting summary judgment in favor of the City: "In essence, the wrong party is pursuing this litigation; or perhaps, the entity which is pursuing this litigation does not have standing to do so or a claim to argue." MAP timely appealed.

¶ 16                                    II. ANALYSIS

¶ 17 We must first consider our jurisdiction over this matter. Even when neither party challenges our jurisdiction, as is the case here, we have a duty to consider jurisdiction *sua sponte*. *Emery v. Northeast Illinois Regional Transportation Co.*, 374 Ill. App. 3d 974, 977 (2007). "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004). An issue is moot where an actual controversy no longer exists or where events have occurred that make it impossible for the court to grant effectual relief. *Garlick v. Bloomingdale Township*, 2018 IL App (2d) 171013, ¶ 38.

¶ 18 An issue raised in an otherwise moot appeal may be addressed when an exception to mootness applies. *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). The public interest exception allows a court to review a moot issue when (1) the question presented is of a public nature, (2) there is a need for future guidance of public officers, and (3) the issue is likely to recur. *Alfred*

*H.H.*, 233 Ill. 2d at 355. The capable-of-repetition-yet-avoiding-review exception applies where (1) the challenged action is of a duration too short to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Alfred H.H.*, 233 Ill. 2d at 358. The collateral consequences exception allows review when a court order or incarceration has ceased, but the plaintiff has suffered or is threatened with an actual injury traceable to the defendant, and that injury is likely to be redressed by a favorable decision. *Alfred H.H.*, 233 Ill. 2d at 361.

¶ 19 The central issue in this case was whether the City was required under the FOIA to release attorney billing records, even when the documents had been "compiled" prior to the FOIA request at the direction of the City's attorney in anticipation of litigation. After initially refusing to release the records, the City subsequently turned over the documents, if only in redacted form, apparently waiving what it still contends was a lawful invocation of an exemption under the FOIA. On April 19, 2018, at the hearing on the motion to strike, the City stated that the redactions were necessary to protect privileged communications regarding litigation strategy between the City and its attorney. MAP did not dispute the validity of the redactions, nor did it ask the court to conduct an *in camera* review of the redacted material. It requested only that the City provide an "affidavit of completion" verifying that the documents provided by the City fully addressed the FOIA request, and that the redactions were necessary to protect "attorney/client strategy type of matters."

¶ 20 The City and MAP both agreed that delivery of the affidavit would resolve the underlying dispute. MAP in no way conditioned the agreement on its receiving fees and costs, stating only that the affidavit would lead "to the point where we now have our remedy in this matter ***." The issue of fees and costs is provided for in section 11(i) of the FOIA: "If a person seeking the right to inspect or receive a copy of a public record *prevails in a proceeding under this Section*,

the court shall award such person reasonable attorney's fees and costs." (Emphasis added.) 5 ILCS 140/11(i) (West 2016). The City suggested "summary judgment time" to determine who was the prevailing party, while MAP simply asked that they "proceed to a hearing on costs and fees." The court ordered mediation, and after that failed, it gave the parties leave to file motions for summary judgment.

¶ 21 On May 22, 2018, the city produced the requested affidavit. Helm, the City's FOIA officer, averred that the documents completely responded to paragraphs one through three of the FOIA request, which was the portion of the FOIA request in dispute, "subject to appropriate redactions." Despite the City's delay in producing the billing records, their delivery, along with the unchallenged affidavit of the City's FOIA officer, satisfied the original request. MAP made no assertions and presented no filings alleging that the documents, redactions, or affidavit were in any way deficient to satisfy its request. Accordingly, the City's conveyance of the affidavit at MAP's behest, combined with its delivery of the attorney billing records, completed what was effectively a settlement agreement of the underlying dispute. See Black's Law Dictionary 1405 (8th ed. 2004) (Settlement: "An agreement ending a dispute."). Thus, any injury that MAP may have suffered that was directly attributable to the City's failure to produce the records ceased to exist. Without an injury, there could be no actual controversy, and the merits of MAP's claim became moot. See *Garlick*, 2018 IL App (2d) 171013, ¶ 38 ("An issue is moot where an actual controversy no longer exists between the parties.").

¶ 22 With the agreement culminated, and thus, the underlying dispute settled, MAP did not file a petition for fees and costs. Instead, it filed a motion for summary judgment on the merits of the claim it had just effectively settled. MAP argued that the documents that were already in its possession must be turned over as a matter of law and that the "law of the case" doctrine required

that summary judgment be entered in its favor. MAP made no argument for fees and costs, only broaching that issue in its prayer for relief: "[MAP] prays this court to grant its motion for summary judgment and all relief prayed for in its complaint including that of attorney fees and costs and other appropriate relief." The City likewise filed its own motion for summary judgment on the merits, raising the issue of standing for the first time and arguing that it should prevail based on what it contended was the "compilation exemption" in section 7(1)(m) of the FOIA. The City never mentioned the issue of fees and costs in its motion. Accordingly, neither party argued the issue of fees and costs, and the court did not rule on it.

¶ 23    The substantive dispute regarding the billing records was clearly moot when the parties filed their cross-motions for summary judgment. In one paragraph in its response to the City's motion for summary judgment, MAP argued that the City had still not complied with the FOIA request because it did not provide sufficiently detailed reasoning for its initial denial. This undeveloped argument did not resuscitate the lifeless issue for two reasons: (1) it was inconsistent with MAP's previous position, where it imparted that an "affidavit of completeness" would resolve the issue (see *Molden v. Reid*, 200 Ill. App. 3d 495, 502 (1990) (the defendant's subsequent inconsistent argument was rejected when the defendant took a position contrary to its previous oral argument)), and (2) MAP abandoned any such contention when it accepted the affidavit without objection and then filed a motion for summary judgment focusing on other matters (see *Janousek v. Slotky*, 2012 IL App (1st) 113432, ¶¶ 34-35 (finding that the defendants abandoned their contention by focusing on other matters at the hearing and failing to obtain a ruling)).

¶ 24    Notwithstanding the mootness, the trial court granted summary judgment in favor of the City, and MAP now asks us to review that ruling. MAP argues only that it had standing to bring the claim, not that it was entitled to fees and costs. Similar to its motion for summary judgment,

MAP does not raise that issue until the conclusion section of its brief, where it prays that we should order disclosure of the documents already in its possession, and that we award penalties as well as fees and costs. MAP never argued for penalties or fees and costs in its brief. To the extent that it may have preserved either of these issues with a passing mention in the prayer for relief in its motion for summary judgment, MAP forfeited those arguments by failing to present a cogent legal argument with citations to authority on appeal. *Hall v Naper Gold Hospitality, LLC*, 2012 IL App (2d) 111151, ¶ 12 ("Mere contentions, without argument or citation to authority, do not merit consideration on appeal.").

¶ 25 The only issue we are asked to consider is the trial court's ruling on the merits of the arguments in the City's motion for summary judgment, which was moot at the time the court entered its ruling. A case must remain a legal controversy from the time that it is filed in the appellate court until the moment the court enters its disposition. *Maday v. Township High School District 211*, 2018 IL App. (1st) 180294, ¶ 45. The legal controversy in this case ceased to exist when the City conveyed Helm's affidavit, which fulfilled the settlement agreement arranged by the parties at the hearing on the motion to strike. Therefore, the case was moot before it arrived in this court.

¶ 26 An issue raised in an otherwise moot appeal may be addressed when an exception to mootness applies. *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). The public interest exception allows a court to review a moot issue when (1) the question presented is of a public nature, (2) there is a need for future guidance of public officers, and (3) the issue is likely to recur. *Alfred H.H.*, 233 Ill. 2d at 355. Here, MAP asks that we determine whether the trial court erred when it found that it did not have standing or was the wrong party. This is a fact specific question that is not of a public nature. The capable-of-repetition-yet-avoiding-review exception applies where

(1) the challenged action is of a duration too short to be fully litigated prior to its cessation, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Alfred H.H.*, 233 Ill. 2d at 358. The challenged action here had no definite time limits and there is no indication that MAP would be subject to this same action again. The collateral consequences exception allows review when a court order or incarceration has ceased, but the plaintiff has suffered or is threatened with an actual injury traceable to the defendant, and that injury is likely to be redressed by a favorable decision. *Alfred H.H.*, 233 Ill. 2d at 361. This case presents no order or incarceration that would cease. After considering all of the applicable exceptions in light of the facts and legal claims raised in this appeal, we hold that none of the exceptions to mootness apply.

¶ 27                                III. CONCLUSION

¶ 28    For the reasons stated, we dismiss this appeal as moot.

¶ 29    Appeal dismissed.