2019 IL App (1st) 182193-U
No. 1-18-2193
December 23, 2019

FIRST DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| IN RE MARRIAGE OF MOHSIN J. UMRANI, | ) ) ) | Appeal from the Circuit Court Of Cook County. |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | No. 17 D 2187 |
| FAKIHA SIDDIQUI, | ) ) ) | The Honorable |
| Respondent-Appellee. | ) ) | Robert Wade Johnson, Judge Presiding. |

JUSTICE WALKER delivered the judgment of the court.
Presiding Justice Griffin and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court abused its discretion by refusing to vacate a default judgment and preventing the defendant from challenging the plaintiff's evidence or introducing any evidence of his own relating to the amount awarded.

¶ 2    The trial court entered a default judgment against Mohsin Umrani because Umrani filed no response to Fakiha Siddiqui's petition for dissolution of their marriage, and the court denied Umrani's motion to vacate the judgment.   On appeal, Umrani contends that his motion

sufficiently alleged grounds for vacating the default judgment. We agree and reverse the decision denying Umrani's motion to vacate the default judgment. We remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Umrani filed a petition to declare his marriage to Siddiqui invalid and Siddiqui filed a counterpetition for divorce. Siddiqui alleged:

> "FAKIHA [Siddiqui] is currently unemployed and is unable to provide for her financial needs without assistance from MOHSIN [Umrani] and she should therefore be awarded maintenance from MOHSIN.
>
> *** MOHSIN is gainfully employed, earning substantial income, is capable of supporting himself and should be barred from receiving maintenance from FAKIHA.
>
> *** Since the date of their marriage, the parties have acquired certain marital property. FAJIHA should be awarded her just and equitable portion of all said marital property, and should also be assigned any and all of her non-marital property."

¶ 5        The counterpetition did not specify the parties' incomes or their property.

¶ 6        The trial court dismissed Umrani's petition to declare the marriage invalid. Umrani filed no response to Siddiqui's counterpetition. Siddiqui filed a motion for default. On January 30, 2018, Umrani appeared *pro se* at the hearing on the motion. The trial court entered an order dated January 30, 2018, holding Umrani in default.

¶ 7        At the prove-up hearing on May 22, 2018, where Umrani again appeared *pro se*, Siddiqui testified that she worked in a research lab and Umrani worked as a gemologist. Siddiqui waived her right to maintenance. She received jewelry as gifts from friends and family, and she kept the jewelry in a safety deposit box she shared with Umrani. She testified that four days after Umrani evicted her from their home, she went to the safety deposit box and found it empty. Umrani objected. The court said: "You can't object. You're in default. You can stand there and be quiet. You have nothing to say."

¶ 8        Siddiqui testified that a document accurately listed the jewelry she lost. She "estimated [the] total value of the jewelry *** is $16,058.54." She also testified that Umrani took from her $6,000 in cash. Siddiqui presented no evidence of Umrani's income. The court decided to "award the property to her or [Umrani] can pay her the $16,058, either/or." The transcript shows the following:

> THE COURT: *** In addition, the Court is going to award $6,000 of non-marital cash to the Counter-Petitioner and judgment will be entered on that also.
>
> THE PETITIONER/COUNTER-RESPONDENT: Your Honor, can I say something?
>
> THE COURT: No. You're in default. You can stand there but you can't say anything."

¶ 9        The court entered a judgment dated May 22, 2018, dissolving the marriage and awarding Siddiqui $22,058.54.

¶ 10    On June 1, 2018, Umrani, *pro se*, filed a motion to vacate the default judgment. He alleged that Siddiqui's attorney told him that he did not need to file an answer to the counterpetition for divorce if he did not oppose the divorce.

¶ 11    Siddiqui filed a petition for attorney fees, and Umrani filed a response in which he alleged, "I make less than $1000 a month ***. I am a full time college student. I even took summer class with total of 12 credits. I don't make sufficient amount to pay for Fakiha's attorney." He attached to the answer his W-2 form and his tax return showing a total income for 2017 of $10,800. Siddiqui presented no contrary evidence. The trial court denied Umrani's motion to vacate the judgment and awarded Siddiqui $14,984.17 in attorney fees. Umrani now appeals.

¶ 12                                II. ANALYSIS

¶ 13    Umrani states in his pro se brief on appeal:

"All I want from the Appellate Court is a fair chance to provide evidence [to] prove my innocence. 1*** I have no means to pay this amount which I shouldn't be paying. *** The reason for me being in default is I represented myself *** and I was told by the opposing counsel that if I don't challenge the petition for dissolution they will not claim any alimony we had a deal, and prior to the judgement day on 05-22-2018 they never mentioned any jewelry or money claiming I had ***. [C]laims of the jewelry and cash *** is a lie.

* * *

*** The motion to vacate the default judgment should not be denied since I have all the right to defend myself. ***

4

* * *

> *** The opposing attorney claimed that I make $3500 although I use to make only $900 a month at that time and currently I am unemployed. *** The relief I want from the Appellate court is that the judgement should be vacated *** because my earning capacity is way less than my wife's earnings."

¶ 14    Because Umrani filed his motion to vacate less than 30 days after the trial court entered the default judgment, we will treat the motion as a request under section 2-1301(e) of the Code of Civil Procedure. 735 ILCS 5/2-1301(e) (West 2018); *Washington Mutual Bank, F.A. v. Archer Bank*, 385 Ill. App. 3d 427, 431 (2008). "Where a litigant seeks to set aside a default under section 2-1301(e), which governs before final judgment has been entered or within 30 days thereafter, the litigant need not necessarily show the existence of a meritorious defense and a reasonable excuse for not having timely asserted such defense. [Citation.] Rather, the overriding consideration is simply whether or not substantial justice is being done between the litigants and whether it is reasonable, under the circumstances, to compel the other party to go to trial on the merits." *In re Haley D.*, 2011 IL 110886, ¶ 57.

¶ 15    "Whether to grant or deny a motion under section 2-1301 is within the sound discretion of the trial court, and its decision will not be reversed absent an abuse of discretion or a denial of substantial justice. *** Whether substantial justice is being achieved by vacating a judgment or order is not subject to precise definition, but relevant considerations include diligence or the lack thereof, the existence of a meritorious defense, the severity of the penalty resulting from the order or judgment, and the relative hardships on the parties from granting or denying vacatur." *Jackson v. Bailey*, 384 Ill. App. 3d 546, 549 (2008).

¶ 16    Though not required, Umrani alleged a meritorious defense by alleging he did not take Siddiqui's jewelry and cash, and he did not have the financial resources to pay Siddiqui's attorney fees. The default judgment severely penalizes Umrani by ordering him to pay to Siddiqui more than three times the annual earnings shown on his tax return. Granting the motion to vacate the default will only require a trial on the merits of Siddiqui's claims, and the record does not show that such a trial would unduly burden Siddiqui.

¶ 17    When Umrani objected to Siddiqui's testimony, the court stated, "You can't object. You're in default. You can stand there and be quiet. You have nothing to say." "Although defaulted, where the action is *** for an unliquidated claim or amount, a defendant nonetheless has the right to be heard on the matter of damages." *Molden v. Reid*, 200 Ill. App. 3d 495, 502 (1990). "[F]undamental fairness requires that plaintiff be required to prove up its default damages and entitles defendant the opportunity to be heard on said matter." *City of Joliet v. Szayna*, 2016 IL App (3d) 150092, ¶ 57. The trial court committed reversible error when it barred Umrani from objecting to Siddiqui's testimony and when it told Umrani he could not testify in his own behalf.

¶ 18    The denial of Umrani's motion to vacate the default did not achieve substantial justice between the parties. Especially in view of the courts' "liberal policy *** with respect to vacating defaults under section 2-1301(e)," (*Stotlar Drug Co. v. Marlow*, 239 Ill. App. 3d 726, 728 (1993)), we find that the trial court abused its discretion when denying the motion to vacate the judgment. On remand, Umrani should be allowed a reasonable period in which to file responsive pleadings and engage in reasonable discovery prior to a hearing on Siddiqui's counterpetition.

¶ 19                                  III. CONCLUSION

¶ 20       The trial court abused its discretion when it did not permit Umrani to speak at the prove-up and when it denied his motion to vacate the default judgment. Accordingly, we reverse the trial court's judgment and remand for further proceedings, including the filing of a response by Umrani and other discovery on behalf of each party, if any, on Siddiqui's counterpetition for dissolution of the marriage.

¶ 21       Reversed and remanded.