NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230592-U

NO. 4-23-0592

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CITY OF EUREKA, a Municipal Corporation, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Woodford County |
| JERRY G. KNOBLOCH, | ) | No. 22OV47 |
|     Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Michael L. Stroh, |
| | ) | Judge Presiding. |

JUSTICE DOHERTY delivered the judgment of the court.
Justices Harris and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not err as a matter of law by granting plaintiff's motion to dismiss defendant's section 2-1401 petition to vacate the May 25, 2022, default judgment.

¶ 2    Plaintiff City of Eureka, a municipal corporation, brought suit against defendant Jerry G. Knobloch alleging a variety of ordinance violations and seeking injunctive relief and the recovery of fines. Defendant failed to answer the complaint, and a default judgment was entered against him on May 25, 2022. More than 30 days thereafter, defendant requested that the default judgment be vacated pursuant to section 2-1401 of the Code of Civil Procedure (Code). 735 ILCS 5/2-1401 (West 2022). Plaintiff moved to dismiss the motion to vacate pursuant to section 2-615(a) of the Code (*id.* § 2-615(a)), and the circuit court granted the motion. Defendant now appeals, arguing the circuit court erred in dismissing his petition.

¶ 3       We affirm.

¶ 4                                  I. BACKGROUND

¶ 5                          A. Complaint and First Appearance

¶ 6       On March 11, 2022, plaintiff filed a 21-count complaint, charging defendant with numerous ordinance violations on his commercial property in Eureka, Illinois, and seeking both injunctive relief and the imposition of fines. The complaint contained a notice pursuant to Illinois Supreme Court Rule 572(a)(4) (eff. Dec. 7, 2011), advising defendant to appear in court on April 22, 2022, at 9 a.m. to answer plaintiff's claims. The notice further advised that a default judgment could be entered against defendant if he failed to appear. Ill. S. Ct. R. 572(b)(1) (eff. Dec. 7, 2011). On April 1, 2022, defendant was also served with a summons; it again advised him of the April 22 court date and that failure to appear could result in a default judgment.

¶ 7       Defendant did not appear on time for the hearing on April 22, and the court initially entered a default judgment against him in the amount of $330,750 plus court costs. However, as plaintiff's counsel was leaving the courthouse, he encountered defendant, and the two returned to court, with defendant appearing *pro se*. On defendant's oral motion, the default judgment was vacated, and defendant was "ordered to file an answer to the complaint within 28 days" of the hearing date, or by May 20, 2022. The case was set for a May 25 status hearing, of which defendant was informed.

¶ 8                                  B. Default Judgment

¶ 9       Because defendant did not file an answer by the May 20, 2022, date set by the court, plaintiff filed a motion for the entry of a default judgment on May 24, asking the court to reinstate the default judgment previously entered on April 22 and set the matter for the status hearing already

scheduled for the following day. Plaintiff's motion was sent to defendant on May 23, but there is apparently no dispute that defendant did not receive the notice prior to the May 25 hearing.

¶ 10        When defendant failed to appear at the scheduled May 25 court date, a default judgment in the amount of $330,892.50 in favor of plaintiff was entered against him. A memorandum of judgment was entered on June 2 and filed in the circuit court that same day. The record does not reveal whether that document was filed with the county recorder.

¶ 11                    C. Post-default Conduct

¶ 12        On June 16, 2022, attorney Burt Dancey entered his appearance on behalf of defendant, but he filed no pleading responsive to the complaint or directed against the default judgment. On July 15, plaintiff filed a third-party citation to discover assets, seeking enforcement of the May 25 judgment.

¶ 13            D. Section 2-1401 Petition to Vacate Default Judgment

¶ 14        On August 17, 2022, defendant filed what he labeled a "motion" to vacate the May 25 judgment pursuant to section 2-1401. This is an incorrect description of the initial pleading under section 2-1401, which provides that relief under that provision "may be had upon *petition*." (Emphasis added.) 735 ILCS 5/2-1401(a) (West 2022) As it will be important to understanding the issues presented here, we choose to refer to defendant's pleading by its proper name, a "petition," rather than the incorrect name used by defendant.

¶ 15        Defendant's petition to vacate alleged that during 2022, he had been suffering from "serious cognitive mental health issues, [a]ffecting his memory, as well as his ability to assess and retain information, and to schedule matters and organize information." The petition asserted that defendant's mental health issues "greatly impair[ed] his ability to process, address and respond to his significant ongoing legal matters," including the ordinance violation matter prosecuted by

plaintiff. Defendant argued that the matter was set on May 25 simply for review; that the motion for the entry of a default judgment was wrongly mailed to his business instead of his residential address; and that the motion and notice of hearing did not arrive prior to the May 25 hearing. According to defendant, his mental condition prevented him from understanding and responding to the various legal matters; as a result, he requested that the default judgment be vacated and that he be allowed to proceed in his defense.

¶ 16 Defendant's section 2-1401 petition was accompanied by the affidavit of defendant's counsel, Burt Dancey, who attested to defendant's mental condition based on his own observations of defendant and further mentioned that defendant was under the psychiatric care of Dr. Joel Eckert, PsyD. As supported by Dancey's affidavit, the petition stated that defendant had "a valid defense to this prosecution, with evidence contradicting many of the alleged deficiencies as to the condition of the property, or as to their seriousness, and as to issues raised both as these [*sic*] substance and the timing of repairs." Further, the petition stated that defendant's mental health issue "would have been obvious to [city officials] in dealing with" defendant and that defendant's mental condition had "impaired his ability to assist counsel in preparation of the defenses to his many legal issues." Finally, the petition stated that defendant had only recently been able to assist counsel.

¶ 17 On September 6, 2022, defendant subsequently filed a motion to amend his section 2-1401 petition by attaching to it Dr. Eckert's 20-page psychological evaluation report, dated August 16, 2022. In the background section it is noted that defendant "reported that he recently missed two court dates, in his words, 'because I plumb forgot 'em because I didn't write 'em down!' " No dates are given, however, for these two court dates. The report makes several remarks

about defendant's deteriorating cognitive capabilities and "significant and diverse memory deficits."

¶ 18    Plaintiff filed motion to dismiss the section 2-1401 petition pursuant to section 2-615 of the Code, arguing that defendant failed to allege (1) the existence of a meritorious defense or claim and (2) due diligence in presenting his defense or claim to the circuit court in the original action. See 735 ILCS 5/2-615(a) (West 2022).

¶ 19    E. Hearing on the Motion to Dismiss

¶ 20    At the June 6, 2023, hearing, the court questioned defense counsel concerning defendant's diligence following the entry of default judgment, asking:

"THE COURT: You filed an entry of appearance on June 16th. Are you telling me you didn't get on our computer system and look at the status of the case?

[DEFENSE COUNSEL]: No. I looked at his paper files, Your Honor.

THE COURT: So you electronically filed an entry of appearance but you didn't look up the file?

[DEFENSE COUNSEL]: I looked at his files which he had compiled."

¶ 21    Concerning whether defendant had adequately pleaded a meritorious defense, the following exchange took place:

"[DEFENSE COUNSEL]: And we allege that he has meritorious defenses, Your Honor.

THE COURT: Where [are] the facts setting forth that, that I can make a finding? Where did you set forth those facts in your motion?

- 5 -

[DEFENSE COUNSEL]: There were no facts set forth because we wanted to get the filing on file, and [defendant] was not able to adequately provide it at the time, Your Honor.”

¶ 22                                    F. Court Ruling

¶ 23        After hearing arguments, the circuit court ruled from the bench, granting plaintiff's motion and dismissing defendant's section 2-1401 petition to vacate. According to the court, there had “been no factual allegations made supporting the existence of a meritorious defense or claim.” On the question of due diligence in presenting the defense in the original action, the court then went through the history of the case, stating:

“Complaint was filed March 11 of 2022. [Defendant] appeared *** for an initial appearance. No answer had been filed at that point in time. The court explained to [defendant] that he had 28 days pursuant to the summons that he received.

And in that summons he is told in the first paragraph, 'You are summoned and required to appear before this court on the date in question, that being April 22nd, to answer the complaint in this case, a copy of which is attached hereto. If you fail to do so, a judgment by default may be entered against you for the relief asked in the Complaint.' So the defendant was notified of the possible consequences of failing to appear and answer in this matter.

On April 22nd when he appeared because he was *pro se*, *** the court granted the defendant 28 days to file his answer to the complaint. May 25th comes around. The defendant still has not filed an answer to the complaint, nor did the defendant even appear in court after having received in-court notice.

At that time, based upon what the court—the notice that [defendant] had been provided and the summons which warned him of the possible consequences, a default judgment was entered against him. Counsel enters their appearance on behalf of [defendant] on June 16 of 2022, yet does not file a motion to vacate the default judgment until August 17 of 2022. I don't know if I can find that due diligence was exercised on behalf of [defendant] when there was no effort made to pull the court file, look at the record as it's on the Internet to see what the status of the case was, but instead to wait for something to happen before reacting and filing a motion. I can't find that's due diligence. Not when information is so readily available in this day and age by a click of a button."

¶ 24    Finally, the court summarized its ruling, first noting "there has been no allegations of meritorious defense." Second, the court stated, "I'm not finding that there has been due diligence in bringing" the section 2-1401 petition. The court added:

"The other—the due process claim made by [counsel] in this matter as far as being given an ability to answer the complaint, [defendant] was given ample opportunity to participate and answer the complaint. [Defendant] chose not to by failing to appear in court. ***

So, based on that, this court can't find *** that your client has satisfied the requirements of [section] 2-1401."

¶ 25    This appeal followed.

¶ 26                                II. ANALYSIS

¶ 27                    A. Section 2-1401 Petition to Vacate Judgment

¶ 28    The purpose of a section 2-1401 petition to vacate is to bring before the circuit court facts not appearing in the record "which, if known to the court at the time judgment was entered, would have prevented entry of the judgment." *Physicians Insurance Exchange v. Jennings*, 316 Ill. App. 3d 443, 457 (2000). A section 2-1401 movant must affirmatively set forth specific factual allegations supporting the following three elements: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting this claim or defense to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). A section 2-1401(a) petition must be supported by an affidavit or other showing of matters not contained in the record. 735 ILCS 5/2-1401(b) (West 2022); *Cruz v. Columbus-Cuneo-Cabrini Medical Center*, 264 Ill. App. 3d 633, 639 (1994). When heard on the merits, the question of whether a section 2-1401 petition should be granted lies within the sound discretion of the circuit court, depending upon the facts and equities presented. *Smith*, 114 Ill. 2d at 221.

¶ 29    As noted above, however, the pleading that initiates a request for relief under section 2-1401 is a petition, not a motion. A "motion" implies a request made of the court in a pending action; a section 2-1401 petition, on the other hand, "constitutes an independent and separate action from the original action." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 31. "Section 2-1401 petitions are essentially complaints inviting responsive pleadings." *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). Like a complaint, a section 2-1401 petition may be challenged by a motion to dismiss if, on its face, it shows that the petitioner is not entitled to relief. *Id.* A section 2-1401 petition is subject to a motion to dismiss where it either fails to state a cause of action or shows on its face that the petitioner is not entitled to relief.

*Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 279-80 (1982); *In re Detention of Morris*, 362 Ill. App. 3d 321, 323 (2005).

¶ 30                    B. Section 2-615 Motion to Dismiss

¶ 31        Plaintiff moved pursuant to section 2-615 to dismiss defendant's section 2-1401 petition to vacate, arguing that defendant failed to sufficiently allege the existence of a meritorious defense and due diligence in bringing the defense to the circuit court's attention.

¶ 32        When it is the subject of a motion to dismiss, a section 2-1401 petition to vacate is to be considered in the same manner as a civil complaint. *Ostendorf*, 89 Ill. 2d at 280. "A motion to dismiss a section 2-1401 petition is reviewed under the same standards as any motion to dismiss a pleading." *In re Marriage of Lyman*, 2015 IL App (1st) 132832, ¶ 57. A section 2-615 motion to dismiss challenges the legal sufficiency of the pleading attacked, *i.e.*, whether it states a valid cause of action. *Armstrong v. Snyder*, 336 Ill. App. 3d 567, 568 (2003); *Winters v. Wangler*, 386 Ill. App. 3d 788, 792 (2008). When reviewing a section 2-615 dismissal, a reviewing court must determine whether the allegations, "when interpreted in the light most favorable to the [non-movant], are sufficient to establish a cause of action upon which relief may be granted." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 490 (1996); see *Tedrick v. Community Resource Center, Inc.*, 235 Ill. 2d 155, 161 (2009). If, from the well-pleaded facts, a reasonable inference could be drawn in the movant's favor—which is to say, in favor of the legal sufficiency of the complaint—we will draw that inference. *Tedrick*, 235 Ill. 2d at 161. A motion to dismiss a section 2-1401 petition should not be granted unless it clearly appears that no set of facts could ever be proved that would entitle the moving party to relief. See *Ostendorf*, 89 Ill. 2d at 280.

¶ 33        "We review a section 2-615 motion to dismiss *de novo*." *Neade v. Portes*, 193 Ill. 2d 433, 439 (2000). The parties, however, urge us to apply a different standard of review. First,

defendant argues for a discretionary standard of review, but his citation references the standard of review for a court's determination on whether to grant a section 2-1401 petition *on its merits* (*Gonzalez v. Profile Sanding Equipment, Inc.*, 333 Ill. App. 3d 680, 686 (2002)); here, we are addressing the propriety of a section 2-615 motion to dismiss defendant's petition.

¶ 34 Second, although plaintiff agrees that a *de novo* standard applies to our review of a motion to dismiss, it additionally argues that a manifest weight of the evidence standard applies to the circuit court's factual findings. However, in the context of a section 2-615 motion, there are no factual findings to be made. The court "must accept as true all well-pleaded facts" in the petition, "as well as any reasonable inferences that may arise from them." *In re Estate of Powell*, 2014 IL 115997, ¶ 12. A section 2-615 motion is not a proper vehicle for contesting factual allegations in the pleading being attacked. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 51. Consequently, we continue to adhere to the well-established *de novo* standard of review in assessing the court's ruling on plaintiff's section 2-615 motion. *Vogt v. Round Robin Enterprises, Inc.*, 2020 IL App (4th) 190294, ¶ 14.

¶ 35                                  C. This Case

¶ 36 The circuit court's order dismissed defendant's section 2-1401 petition to vacate due to defendant's failure to (1) adequately plead the existence of a meritorious defense and (2) allege the exercise of due diligence in bringing the defense to the circuit court in the original action. See 735 ILCS 5/2-1401(a) (West 2022); *Smith*, 114 Ill. 2d at 220-21. We note that defendant, throughout his brief, asks us to reverse the circuit court's order denying his section 2-1401 petition to vacate. The circuit court, however, did not deny defendant's petition to vacate on its merits; it dismissed defendant's section 2-1401 pleading pursuant to plaintiff's section 2-615 motion to dismiss. The two actions are not the same and implicate entirely different standards of

review and analysis. We, therefore, apply a *de novo* standard of review. *Vogt*, 2020 IL App (4th) 190294, ¶ 14.

¶ 37                                    1. *Meritorious Defense*

¶ 38        On the first point, we note that a meritorious defense "is one that, were it credited by the relevant trier of fact, would defeat the plaintiff's claim in the underlying action." *Highview Group, Ltd. v. William Ryan Homes, Inc.*, 2023 IL App (2d) 220019, ¶ 43 (citing *Lyons Lumber & Building Center, Inc. v. 7722 North Ashland, LLC*, 2016 IL App (3d) 140487, ¶ 22). "It is not sufficient for the petition and supporting affidavit to merely assert the existence of a meritorious defense"—as is the case here—"without also pleading the relevant facts supporting the alleged defense." *People ex rel. McGraw v. Mogilles*, 136 Ill. App. 3d 67, 73 (1985). Instead, the petition must contain "affirmative allegations of fact," which, if taken as true, would "establish the existence of *** a specified meritorious defense." *Gruss v. Beverley*, 201 Ill. App. 3d 502, 508 (1990); see *Molden v. Reid*, 200 Ill. App. 3d 495, 500 (1990) (holding petitioners cannot rely on conclusory statements regarding the existence of a meritorious defense, as such statements "are not treated as true for the purpose of a petition for post-judgment relief [citation] and are not sufficient to warrant *** relief").

¶ 39        A review of defendant's section 2-1401 petition to vacate shows only a conclusory reference to the existence of a meritorious defense. According to paragraph 4 of the section 2-1401 petition, defendant "has a valid defense to this prosecution, with evidence contradicting many of the alleged deficiencies as to the condition of the property, or as to their seriousness, and as to issues raised both as [the] substance and the timing of repairs." In reference to the allegations, the court found there had been no facts alleged to support the existence of a meritorious defense to the underlying action. Indeed, this point was conceded by defendant at the hearing:

"THE COURT: Where [are] the facts setting forth that, that I can make a finding? Where did you set forth those facts in your motion?

[DEFENSE COUNSEL]: There were no facts set forth because we wanted to get the filing on file, and [defendant] was not able to adequately provide it at the time, Your Honor.

THE COURT: Okay. *** It's *** June 6, 2023. You filed your motion [on] August 17 of 2022. You haven't had time in the last 10 months to amend your [section 2-1401] *** petition?

[DEFENSE COUNSEL]: I didn't believe it was necessary, Your Honor. He has taken action cooperatively with the City to fix the thing up."

At best, defendant's pleading raised conclusions, not facts, which are insufficient to satisfy the pleading requirements under section 2-1401. *Molden*, 200 Ill. App. 3d at 500; *Padilla v. Vazquez*, 223 Ill. App. 3d 1018, 1026 (1991).

¶ 40 Although defendant insinuated that his petition to vacate was factually deficient because he did not have time to make the proper allegations, he nevertheless acknowledged that he made no attempt to amend his petition because he felt it was not necessary. As pleaded, the petition to vacate does not adequately allege facts showing the existence of a meritorious defense to the original action. Without these allegations, defendant's pleading fails. *In re Application of the County Treasurer & ex officio County Collector of Cook County*, 2023 IL App (1st) 220070, ¶ 48.

¶ 41 We conclude that the circuit court did not err in dismissing defendant's section 2-1401 petition to vacate due to his failure to plead facts showing that he had a meritorious defense to plaintiff's claim. We note that defendant did not request leave to amend his section 2-1401

petition to overcome the deficiencies in it; in fact, when asked why defendant's counsel had not amended the pleading, counsel responded, "I didn't believe it was necessary, Your Honor." Where the circuit court dismisses a pleading with prejudice, the failure to request leave to file a new pleading "constitutes an election to stand on the dismissed [pleading], and the cause of action must stand or fall on the facts alleged therein." *Sutherland v. Illinois Bell*, 254 Ill. App. 3d 983, 988 (1993). Our conclusion—and defendant's concession—that the petition failed to allege facts showing a meritorious defense is sufficient to resolve the case. "If the petitioner fails to allege the existence of a meritorious defense, the petition is properly denied, and due diligence need not be addressed." *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 327 (2010). We therefore have no reason to address whether defendant sufficiently pleaded that he exercised due diligence in defending against plaintiff's claim.

¶ 42                                               2. *Other Issues*

¶ 43          Defendant raises two additional issues in support of reversal: (1) the circuit court's denial of his section 2-1401 petition to vacate should be set aside under the plain error doctrine and (2) this court should grant him relief under Illinois Supreme Court Rule 366 (eff. Feb. 1, 1994).

¶ 44          It is true that the plain-error doctrine can be applied in civil cases. *Arient v. Shaik*, 2015 IL App (1st) 133969, ¶ 37. Here, however, defendant completely misunderstands the purpose and operation of the doctrine. Plain error is applied to "permit[ ] an appellate court to review claims of error not properly preserved" in the circuit court; in other words, it overcomes an appellant's forfeiture of an issue. *Matthews v. Avalon Petroleum Co.*, 375 Ill. App. 3d 1, 8 (2007). In this case, the issue is not that defendant forfeited an issue; he litigated it and lost. The issue on appeal is whether the ruling below was correct. We have concluded that it was, and the plain-error doctrine is simply of no assistance to defendant here.

¶ 45　　　　As to defendant's second point, he argues that Supreme Court Rule 366 allows a reviewing court, in its discretion, and on such terms as it deems just, to "(1) exercise all or any of the powers of amendment of the [circuit] court; *** and (5) enter any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief *** that the case may require." Ill. S. Ct. R. 366(a)(1), (5) (eff. Feb. 1, 1994). Once again, defendant misapprehends the purpose of the rule. Rule 366 is a grant of authority to the reviewing court; it creates no substantive rights in the litigant. While Rule 366 grants us wide authority to grant appropriate relief, our authority does not relieve defendant of the obligation to show that he is *entitled* to such relief. As discussed above, defendant's section 2-1401 petition was facially deficient for failing to allege that he had a meritorious defense to plaintiff's claims. Rule 366 does not cure this deficiency.

¶ 46　　　　　　　　　　　　　　III. CONCLUSION

¶ 47　　　　For the reasons stated, we affirm the circuit court's judgment.

¶ 48　　　　Affirmed.