2025 IL App (4th) 250297

NO. 4-25-0297

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 2, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ANDREW S. ERICKSON, Chapter 7 Bankruptcy Trustee, Successor to Rights of Sean Norman, a Discharged Debtor Under Chapter 7 of the Bankruptcy Code, | ) ) ) ) | Appeal from the Circuit Court of Sangamon County No. 21L14 |
|    Plaintiff-Appellant, | ) | |
|    v. | ) | Honorable |
| JACOB M. MITRIONE, d/b/a Mitrione Motors, | ) | Adam Giganti, |
|    Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court, with opinion.
Justices Doherty and Lannerd concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Sean Norman, sued defendant, Jacob Mitrione, doing business as Mitrione Motors, alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2020)), and the Vehicle Information and Cost Savings Act of 1972 (Odometer Act) (49 U.S.C. § 32701 *et seq.* (2018)). Attorney William Panichi entered an appearance for defendant, but he filed no other responsive pleading. After plaintiff moved for summary judgment, Panichi asked the trial court for leave to withdraw as defendant's attorney. The court granted Panichi leave to withdraw and, soon after, granted plaintiff's motion for summary judgment. Later, defendant filed a petition to vacate the summary judgment order under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2024)), claiming Panichi had failed to properly notify him of his withdrawal. The court granted defendant's petition and vacated the summary judgment order.

¶ 2        Plaintiff appeals, claiming defendant's section 2-1401 petition was defective, and the trial court erred by granting it. Plaintiff argues (1) defendant failed to allege any meritorious defenses to plaintiff's complaint, (2) defendant is responsible for Panichi's failure to respond to the complaint, (3) Panichi's failure to notify defendant of his withdrawal presents a procedural question that cannot support a petition under section 2-1401, and (4) defendant failed to demonstrate he exercised due diligence in defending against plaintiff's motion for summary judgment.

¶ 3        For the following reasons, we reverse the trial court's order vacating its summary judgment order.

¶ 4                                    I. BACKGROUND

¶ 5        In January 2021, plaintiff filed a complaint against defendant for violations of the Consumer Fraud Act and Odometer Act. Plaintiff claimed that he purchased a used car from defendant, and he later learned that defendant had changed the mileage on the odometer from 192,308 to 138,117 miles. Plaintiff alleged he sustained over $5,000 in damages because his vehicle's fair market value was lower than it would have been if it had been driven only 138,117 miles. He further alleged that defendant's conduct was outrageous, wanton, malicious, intentional, unjustified, and in conscious disregard for the rights of others, and he sought punitive damages.

¶ 6        Defendant was served with the summons in February 2021, and the following month, attorney William Panichi entered his appearance for defendant. He filed no other pleadings in response to plaintiff's complaint.

¶ 7        In May 2023, plaintiff moved for summary judgment, stating that defendant had not filed either an answer or motion to dismiss, and defendant was in default. Plaintiff alleged that defendant was criminally convicted of odometer fraud. See 720 ILCS 5/17-11 (West 2020).

Plaintiff's motion included a copy of a disposition from Sangamon County case No. 20-CM-715 showing defendant was found guilty of odometer fraud after a bench trial. Plaintiff further alleged that defendant had been ordered to pay him $2,000 in restitution in that case, but he had not made any payments.

¶ 8    Later in May, Panichi filed a motion to withdraw as attorney for defendant. The motion stated, "The last known address for [defendant] is 2801 Ridge Ave., Springfield, Ave., Springfield, IL." The proof of service included with the motion stated that Panichi sent the motion to defendant, and it listed defendant's address as "2908 Ridge Ave[.,] Springfield, IL." The proof of service also stated that Panichi sent it to defendant via e-mail.

¶ 9    In October 2023, the trial court granted Panichi's motion to withdraw, and the court gave defendant 21 days to seek new counsel. The record contains no confirmation that the order allowing Panichi's withdrawal was sent to defendant at that time. Soon after, plaintiff scheduled a hearing on his motion for summary judgment. According to the certificate of service attached to plaintiff's notice of hearing, plaintiff sent a notice of hearing to Panichi, and he e-mailed it to defendant. It also states "VIA FIRST-CLASS MAIL" to defendant at 2801 Ridge Avenue, Springfield, IL.

¶ 10    On November 28, 2023, the trial court granted plaintiff's motion for summary judgment, finding that defendant failed to respond to the complaint either before or after Panichi withdrew. The court awarded plaintiff treble damages under the Odometer Act totaling $15,000, punitive damages under the Consumer Fraud Act in the amount of $5,000, and attorney fees totaling $4,500, resulting in a total judgment of $24,500.

¶ 11    Over one year later, on December 3, 2024, defendant, *pro se*, filed a motion to reconsider, stating, "Didn[']t get court date because mail was sent to the wrong address." After a

hearing on December 11, 2024, the trial court denied defendant's motion, explaining, "[D]efendant lists 2801 Ridge Ave, Springfield, Il. 62702 as his residence," and, "Notice of plaintiff's motion for summary judgment was sent to 2801 Ridge Ave, Springfield, IL. 62702 as well as emailed to defendant's' email address." The court found no grounds to vacate its judgment.

¶ 12 In January 2025, defendant, now represented by new counsel, moved to vacate the summary judgment order under section 2-1401, which allows a court to vacate a final judgment more than 30 days after its entry. See 735 ILCS 5/2-1401 (West 2024). In his motion, defendant claimed that Panichi failed to comply with Illinois Supreme Court Rule 13(c) (eff. Jan. 1, 2023), because he mailed his motion to withdraw to the wrong address, and defendant did not obtain a copy of it until December 2024. Defendant also argued that the motion to withdraw was not properly set for hearing. Defendant added that he was not properly served with the trial court's order granting Panichi leave to withdraw, as required by Rule 13.

¶ 13 Defendant further argued that the trial court denied him the opportunity to present his meritorious defenses to plaintiff's claim. He claimed that those defenses included:

"A. [The court] ignored the fact that the Plaintiff's 'actual economic damages' were previously determined in *People vs. Mitrione*, Sangamon County no. 2020-CM-715 to be $2,000.00 rather than the $5,000.00 as adjudged by this Court's Judgment;

B. It deprived the Defendant of the opportunity to present evidence that his acts or omissions as alleged were neither willful or intentional, nor performed or omitted with evil motive or reckless indifference to the rights of others so as to preclude the assessment of any 'punitive damages' in the defense of the Plaintiff's Consumer Fraud claims;

C. It deprived the Defendant of the opportunity to present evidence that his acts or omissions as alleged were not with made or omitted with any 'intent to defraud' so as to preclude the assessment of any 'punitive damages' in the defense of Plaintiff's federal Odometer act claims."

¶ 14 The trial court granted defendant's motion. The court reasoned that Panichi never informed defendant that he should hire another attorney or enter his own appearance, in violation of Rule 13. The court found defendant was prejudiced by the hearing on plaintiff's motion for summary judgment, and it vacated its order granting summary judgment for plaintiff.

¶ 15 Plaintiff filed a motion to reconsider, which the trial court denied. He also moved to substitute Andrew S. Erickson, the Chapter 7 Trustee for his bankruptcy estate, as plaintiff. The court granted the motion to substitute plaintiff.

¶ 16 This appeal followed.

¶ 17 II. ANALYSIS

¶ 18 On appeal, plaintiff argues that the trial court erred in granting defendant's petition. Plaintiff claims (1) defendant failed to allege any meritorious defenses, (2) defendant is responsible for Panichi's failure to file responsive pleadings, (3) Panichi's failure to fulfill the requirements of Rule 13 constitutes a procedural question of law that cannot provide grounds for relief under section 2-1401, and (4) defendant failed to allege or prove that he exercised due diligence in presenting his defenses.

¶ 19 Defendant sought relief under section 2-1401 of the Code. See 735 ILCS 5/2-1401 (West 2024).

"[T]o be entitled to relief from a final judgment or order under section 2-1401, the petition must set forth specific factual allegations supporting each of the following

- 5 -

elements: (1) the existence of a meritorious defense; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief." *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 37.

See *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). We review the trial court's ultimate decision on a section 2-1401 petition for an abuse of discretion. *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 51. However, we review purely legal questions *de novo*. *Id.* ¶ 47.

¶ 20                                    A. Meritorious Defense

¶ 21          Plaintiff claims that defendant alleged no meritorious defense to his underlying claim. "[T]he preliminary issue of whether a defendant has presented a meritorious defense is inherently a question of law and is, therefore, subject to *de novo* review." *Lyons Lumber & Building Center, Inc. v. 7722 North Ashland, LLC*, 2016 IL App (3d) 140487, ¶ 22. In defendant's section 2-1401 petition, he asserted three defenses. Defendant argued (1) plaintiff's demand for $5,000 in damages was foreclosed by the restitution payment of $2,000 ordered in his criminal case, (2) plaintiff could not establish the required intent for punitive damages under the Consumer Fraud Act, and (3) plaintiff could not establish intent to defraud under the Odometer Act. On appeal, plaintiff contends that none of these three arguments could provide a defense to plaintiff's complaint, and the trial court should have denied defendant's section 2-1401 petition.

¶ 22          In response, defendant offers no support for these three claims. Instead, he insists that the merits of the underlying claims are irrelevant to a section 2-1401 petition. Citing *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85 (2006), defendant asserts that a court considering a section 2-1401 petition should not consider the merits of the underlying claim or the

merits of the defendant's proposed defenses. Defendant devotes the remainder of his brief to the trial court's finding based on Panichi's failure to comply with Rule 13 and whether this failure to comply justifies vacating the default judgment. Defendant contends that the court rightly determined that Panichi failed to notify him of his withdrawal. He relies on *Safety-Kleen Corp. v. Canadian Universal Insurance Co.*, 258 Ill. App. 3d 298 (1994), where the appellate court reversed the trial court's denial of the defendant's section 2-1401 petition because the defendant's attorney did not send proper notice of his motion to withdraw before the trial court entered a default judgment.

¶ 23    We reject defendant's assertion that the merits of his proposed defenses are irrelevant. A petition under section 2-1401 must provide specific factual allegations supporting "the existence of a meritorious defense." *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 37. "A meritorious defense is one that, were it credited by the relevant trier of fact, would defeat the plaintiff's claim in the underlying action." *The Highview Group, Ltd. v. William Ryan Homes, Inc.*, 2023 IL App (2d) 220019, ¶ 43; see *Lyons Lumber & Building Center, Inc.*, 2016 IL App (3d) 140487, ¶ 22; see also *City of Eureka v. Knobloch*, 2024 IL App (4th) 230592-U, ¶ 38. "If the petitioner fails to allege the existence of a meritorious defense, the petition is properly denied, and due diligence need not be addressed." *Rockford Financial Systems, Inc. v. Borgetti*, 403 Ill. App. 3d 321, 327 (2010). If, as plaintiff argues, defendant's proposed defenses failed as a matter of law, then defendant's section 2-1401 petition failed as well.

¶ 24    *Gerald Adelman & Associates* does not hold otherwise. There, the plaintiff was the trustee of a pension plan for a corporation operated by the plaintiff and her former husband. *Gerald Adelman & Associates*, 223 Ill. 2d at 89. She filed two lawsuits, one against an insurance agency and another against actuarial firms. *Id.* at 89-90. After three years, the trial court dismissed both

cases for want of prosecution. *Id.* at 91. Later, the plaintiff filed a section 2-1401 petition, asking that the court vacate the dismissals. *Id.* She alleged that she had filed for bankruptcy, and the trustee of her bankruptcy case had prevented her from pursuing her cases and failed to advance the litigation himself. *Id.* at 92. She also insisted that she had meritorious claims against the defendants in the underlying action. *Id.* at 93. Some defendants responded that the plaintiff had no meritorious claims because she suffered no damages, she lacked standing, and her claims were preempted by a federal statute. *Id.* The trial court granted the petition. *Id.* In affirming, the appellate court rejected the defendants' arguments regarding preemption and damages. *Id.* at 93-94, 107-08.

¶ 25        The supreme court affirmed the trial court's order granting the section 2-1401 petition. It found that the defendants' arguments regarding standing, the existence of damages, and federal preemption were better addressed in the reinstated cases. *Id.* at 107. The court explained that when ruling on a section 2-1401 petition, "it was not the trial court's responsibility to determine the merits of the underlying causes of action." *Id.* Instead, the plaintiff was required to plead and prove only "those facts which would establish her entitlement to have the [dismissal for want of prosecution] orders vacated." *Id.* The court also disagreed with the appellate court's attempt to resolve these fact-based disputes, explaining,

> "Moreover, the issues of federal preemption and plaintiff's ability to establish damages both devolve into fact questions more appropriate for resolution in the trial court. The preemption issue, as argued by defendants, turns on whether plaintiff and her former husband were the only pension plan participants. The damages issue, as argued by defendants, turns on whether plaintiff received everything to which she would otherwise be entitled when the marital estate, including the pension plan, was divided during the divorce proceedings. The trial

- 8 -

court is the place for such fact-finding to occur." *Id.* at 108. The court concluded the plaintiff had satisfied the requirements for a section 2-1401 petition, and it affirmed the trial court's finding. *Id.*

¶ 26 We acknowledge some language in *Gerald Adelamn & Associates* could support defendant's argument. Nevertheless, we do not interpret *Gerald Adelman & Associates* as eliminating the requirement that a section 2-1401 petition must allege a meritorious claim in the original action. In stating that a trial court hearing a section 2-1401 motion should not "*determine* the merits of the underlying causes of action" (emphasis added) (*id.* at 107), *Gerald Adelman & Associates* stated only that the trial court should not reach a judgment on the proper resolution of the underlying cause of action. Importantly, factual disputes would still need to be resolved in the reinstated cases. *Id.* at 108. *Gerald Adelman & Associates* rightly determined that the proper resolution when the decisive facts were disputed, if the petitioner had also exercised due diligence, was to grant the section 2-1401 petition. *Id.* But *Gerald Adelman & Associates* never stated that the trial court could vacate the summary judgment even if the plaintiff's claims could not succeed as a matter of law. Instead, *Gerald Adelman & Associates* reiterated that a section 2-1401 petition "must set forth allegations supporting the existence of a meritorious claim or defense." *Id.* at 94.

¶ 27 Indeed, courts have long understood that the petitioner must allege a meritorious claim in the original action. See *Airoom, Inc.*, 114 Ill. 2d at 221 ("[T]wo elements are generally necessary to establish a legally sufficient section 2-1401 petition, namely a meritorious defense or claim in the *original* action, and due diligence on the part of the petitioner." (Emphasis added.)); see also *Reuben H. Donnelley Corp. v. Thomas*, 79 Ill. App. 3d 726, 729-30 (1979) (finding that in ruling on the defendant's petition to vacate a default judgment, "[i]t is not the trial court's responsibility to determine the merits of the underlying cause of action," as long as the defendant's

petition sufficiently alleged facts supporting a defense to the plaintiff's claim for breach of contract); *Smith v. Cole*, 256 Ill. App. 3d 806, 812 (1993) ("[The defendant] asserted sufficient facts which, if proven, could defeat the claims of [the plaintiffs]. This satisfied his burden of demonstrating the existence of a meritorious defense under section 2-1401.").

¶ 28     Even *Safety-Kleen*, the second case on which defendant relies, supports this requirement. Before addressing counsel's failure to send proper notice of the withdrawal, the *Safety-Kleen* court considered whether the insurance company defendant's section 2-1401 petition asserted any meritorious defenses to the plaintiff's underlying claim seeking a declaration of coverage. *Safety-Kleen*, 258 Ill. App. 3d at 301. The court explained, "As affirmative defenses, [the defendant] asserts failure to comply with the policy requirements regarding notice and the payment of the deductible. The record supports these defenses as meritorious ***." *Id.* The defendant raised these arguments as defenses to the plaintiff's claim in the original action, not in response to the facts resulting in the default judgment against the defendant.

¶ 29     Furthermore, even after *Gerald Adelman & Associates*, courts have continued to reason that "[a] meritorious defense is one that, were it credited by the relevant trier of fact, would defeat the plaintiff's claim in the underlying action." *Highview Group*, 2023 IL App (2d) 220019, ¶ 43; see *Lyons Lumber & Building Center, Inc.*, 2016 IL App (3d) 140487, ¶ 22; see also *Knobloch*, 2024 IL App (4th) 230592-U, ¶ 38.

¶ 30     Indeed, our supreme court has continued to state that a section 2-1401 petition must assert a meritorious defense to the original action. See, *e.g.*, *People ex rel. Alvarez v. $59,914 United States Currency*, 2022 IL 126927, ¶ 16 (unless a section 2-1401 petition alleges that a judgment is void, "the petitioner must allege a meritorious defense to the *original* action" (emphasis added)); *In re Haley D.*, 2011 IL 110886, ¶ 58 (a petitioner seeking relief under section

- 10 -

2-1401(a) must show "not only the existence of a meritorious claim or defense in the original action, but also due diligence in pursuing the claim or defense in the circuit court as well as due diligence in presenting the petition for relief under section 2-1401(a)"); *Keener v. City of Herrin*, 235 Ill. 2d 338, 350 (2009) ("In order for [the] plaintiff to have prevailed in a section 2-1401 proceeding, the plaintiff had to prove, by a preponderance of the evidence, that a meritorious claim existed 'in the original action.' ").

¶ 31 In sum, defendant's interpretation would contradict decades of Illinois court precedent, including cases both before and after *Gerald Adelman & Associates*. We see no explicit statement in *Gerald Adelaman & Associates* that requires such a deviation, so we reject defendant's claim. Instead, we reiterate that, in a petition under section 2-1401, a defendant must allege a defense to the plaintiff's original action that would be meritorious if the fact finder accepted the defendant's factual claims. See *Highview Group, Ltd.*, 2023 IL App (2d) 220019, ¶ 43.

¶ 32 We now consider whether defendant did so here. Defendant's amended petition claimed (1) plaintiff's demand for $5,000 in damages was foreclosed by the restitution payment of $2,000 ordered in defendant's criminal case, (2) plaintiff could not establish the required intent for punitive damages under the Consumer Fraud Act, and (3) plaintiff could not establish intent to defraud under the Odometer Act.

¶ 33 Plaintiff contends that none of these arguments present even potentially meritorious defenses. Before considering plaintiff's explanations of why, we first note that defendant has not offered any support for these claims in his brief. After arguing that the court should not consider his alleged defenses to the original action, he provides no further response to plaintiff's argument. We therefore find that defendant has forfeited any argument in support of the defenses alleged in

- 11 -

his petition before the trial court. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 34        Nevertheless, we briefly address plaintiff's reasons that defendant's proposed defenses lack merit. First, defendant claimed that the restitution order of $2,000 from his criminal case prevents plaintiff from seeking any additional damages. Plaintiff responds that he may claim more damages in a civil suit than the criminal court awarded in restitution.

¶ 35        Plaintiff is correct. In *Spircoff v. Stranski*, 301 Ill. App. 3d 10, 12 (1998), the defendant had previously been convicted of theft, and he was ordered to pay the victim restitution. When the victim later filed a civil suit against the defendant, the defendant claimed that the restitution payment provided a complete defense to the civil claim. *Id.* The appellate court disagreed, explaining that the defendant's restitution payment does not "preclude plaintiffs from filing a subsequent civil action against defendant to recover damages in excess" of that payment. *Id.* at 14; see *People v. Mitchell*, 241 Ill. App. 3d 1094, 1098 (1993) ("Section 5-5-6(k) of the [Unified] Code [of Corrections] does not bar a separate civil action by the victim."); see also 730 ILCS 5/5-5-6(k) (West 2020) ("Nothing contained in this Section shall preclude the right of any party to proceed in a civil action to recover for any damages incurred due to the criminal misconduct of the defendant."). The restitution order from defendant's criminal case does not defeat plaintiff's civil claim.

¶ 36        Second, defendant claimed that he was denied the opportunity to contest the required intent for punitive damages under the Consumer Fraud Act. Defendant refers to section 10a(a) of the Consumer Fraud Act, which states that in order to seek punitive damages from a "used vehicle dealer," a plaintiff must show "the conduct engaged in was willful or intentional and

done with evil motive or reckless indifference to the rights of others." 815 ILCS 505/10a(a) (West 2024).

¶ 37        The supreme court found this provision unconstitutional in *Allen v. Woodfield Chevrolet, Inc.*, 208 Ill. 2d 12 (2003). See *Wilson v. Napleton's Goldcoast Imports, Inc.*, 2025 IL App (3d) 240079, ¶ 74 (explaining that *Allen* effectively restored a prior version of section 10a(a), which stated, " 'Any person who suffers damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual damages or any other relief which the court deems proper' " (quoting 815 ILCS 505/10a(a) (West 1994))). We agree with plaintiff that the unconstitutional amendment does not provide a defense against the complaint.

¶ 38        Furthermore, under the doctrine of collateral estoppel, defendant's conviction for odometer fraud established his intent to defraud. This doctrine "precludes a party from relitigating an issue decided in a prior proceeding." *Talarico v. Dunlap*, 177 Ill. 2d 185, 191 (1997). The three threshold requirements for the application of this doctrine are:

> "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Id.*

Moreover, "[i]t is generally accepted that a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding." *Id.* at 193; see *American Family Mutual Insurance Co. v. Savickas*, 193 Ill. 2d 378, 384 (2000).

¶ 39        Defendant was convicted of violating section 17-11 of the Criminal Code of 2012,

which states,

> "A person commits odometer or hour meter fraud when he or she disconnects, resets, or alters, or causes to be disconnected, reset, or altered, the odometer of any used motor vehicle or the hour meter of any used farm implement to conceal or change the actual miles driven or hours of operation with the intent to defraud another." 720 ILCS 5/17-11 (West 2020).

This conviction was a final judgment on the merits, and defendant was a party in that criminal case. Because defendant's "intent to defraud another" was an element of that offense, defendant's proposed defense here presents an issue that was already litigated in that case. Therefore, defendant was estopped from contesting this fact.

¶ 40　　　　Admittedly, courts sometimes decline to apply collateral estoppel after balancing "the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case." *Talarico*, 177 Ill. 2d at 192. For example, "the absence of an incentive to vigorously litigate in the former proceeding" may be relevant. *Id.* Here, however, defendant offered no argument disputing application of collateral estoppel. If defendant had such an argument, he has forfeited it. See Ill. S. Ct. R. 341(h)(7), (i) (eff. Oct. 1, 2020).

¶ 41　　　　The same reasoning applies to defendant's third argument, that plaintiff did not prove intent to defraud sufficient for treble damages under the Odometer Act. Section 32705(a)(1)(A) requires anyone transferring ownership of a motor vehicle to disclose that vehicle's cumulative mileage. 49 U.S.C. § 32705(a)(1)(A) (2018). Section 32710(a) states that anyone who violates this provision "with intent to defraud" is "liable for 3 times the actual damages or $10,000, whichever is greater." *Id.* § 32710(a). As stated above, defendant's conviction for odometer fraud established his intent to defraud beyond a reasonable doubt, and defendant is

estopped from contesting this.

¶ 42    We reiterate that defendant offered no other proposed defenses in his pleading before the trial court, and he offers no argument on this issue before us. If defendant had any other potential defenses to plaintiff's action, he has forfeited those claims. Therefore, we find he has failed to satisfy this requirement for a section 2-1401 petition.

¶ 43                                    B. Due Diligence

¶ 44    Plaintiff also argues that defendant failed to allege or prove that he exercised due diligence in defending against the original action. "Due diligence requires the section 2-1401 petitioner to have a reasonable excuse for failing to act within the appropriate time." *Airoom, Inc.*, 114 Ill. 2d at 222. "Specifically, the petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment." *Id.*

¶ 45    We agree with plaintiff that defendant failed to allege that he exercised due diligence. From the time defendant was first served with the summons in February 2021 until the trial court's order granting plaintiff's summary judgment motion in November 2023, neither defendant nor Panichi filed any answer to plaintiff's complaint. They also filed no response to plaintiff's motion for summary judgment. Even though defendant hired Panichi to represent him, defendant himself also bore at least some responsibility to track the progress of his case. See *Salazar v. Wiley Sanders Trucking Co.*, 216 Ill. App. 3d 863, 874 (1991) ("Section 2-1401 is not intended to relieve the parties from the consequences of their own mistakes or their attorneys' negligence."). But defendant failed to answer plaintiff's claims for over two years.

¶ 46    Importantly, in defendant's section 2-1401 petition, he notably never alleged that he did not know of Panichi's withdrawal or plaintiff's notice of hearing for his motion for summary

judgment. Although defendant alleged that Panichi sent the motion to withdraw to the incorrect mailing address, he omitted any reference to Panichi's certification that he e-mailed his motion to withdraw to defendant. Moreover, plaintiff's certificate for service for the notice of hearing on his motion for summary judgment stated that it was sent both to Panichi and to defendant personally, and this certificate of service listed defendant's correct mailing address, as well as his e-mail address. In his petition, defendant claimed he "was entitled under the circumstances to reasonably believe he continued to be represented by" Panichi, but he did not claim that he was unaware of his attorney's motion to withdraw or the scheduled hearing on plaintiff's motion. If defendant had actual knowledge that his attorney had withdrawn and that plaintiff was seeking a final judgment, after over two years of failing to answer plaintiff's complaint, we cannot say that defendant exercised due diligence when he took no affirmative steps to contest plaintiff's claims.

¶ 47   Because defendant failed to allege facts showing that he exercised due diligence in defending against the original action and alleged no meritorious defenses in his section 2-1401 petition, the trial court erred by granting that petition. Accordingly, we reverse the court's order.

¶ 48                                    III. CONCLUSION

¶ 49   For the reasons stated, we reverse the trial court's judgment.

¶ 50   Reversed.

*Erickson v. Mitrione*, 2025 IL App (4th) 250297

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Sangamon County, No. 21-L-14; the Hon. Adam Giganti, Judge, presiding. |
| **Attorneys for Appellant:** | David M. Duree, of David M. Duree & Associates, P.C., of O'Fallon, for appellant. |
| **Attorneys for Appellee:** | Edward T. Graham Jr. and Natalia Galica, of Brown, Hay & Stephens, LLP, of Springfield, for appellee. |